THE VANDEVELD LAW OFFICES, P.C.
Mr. Curtis C. Van de veld, Esq.
Historic Dungca House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: 671.472.4396/671.488.0888/
       671.477.2020
Facsimile: 671.472.2561

*Attorney for Defendants:*
    ROBERT H. CHOI dba 925 MINE,
    and TOMMY LEE dba
    KYODIA – A+ ACCESSORY PLUS

FILED
DISTRICT COURT OF GUAM
SEP 0 5 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM
### UNITED STATES OF AMERICA

| | |
|---|---|
| CHROME HEARTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ALMA SHOP; JUNG WOO NAM; HAPPY HAPPY GIFT SHOP; BON SUN AHN; GUAM PALM CORPORATION doing business as HAWAIIAN SILVER; YOUNG SAN NICOLAS; 925 MINE; HUNG BUM CHOI; ASHINN SHIATSU MASSAGE; GARDEN JEWELRY; SHAN PIAO; A+ ACCESSORY PLUS dba KYODIA; and KAWAII GIFT SHOP; UNE JOO CHUNG, <br><br> Defendants. | District Court Of Guam <br> Civil Case No. CIV08-00009 <br><br><br><br><br> **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION** |

\* \* \* **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** \* \* \*

COME NOW defendants ROBERT H. CHOI dba 925 MINE (hereinafter referred to as "CHOI") and TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS, (hereinafter referred to as "LEE") (collectively referred to hereinafter as "Defendants") to move the court pursuant to FRCP Rule 12(b)(6) failure to state a claim upon which relief can be granted. The

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; … ROBERT H. CHOI dba 925 MINE; … and TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS; … Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam, Civil Case No. CIV08-00009                                              Page 1

Case 1:08-cv-00009   Document 20   Filed 09/05/2008   Page 1 of 8

motion is supported by the Memorandum of Law which follows hereinafter and is incorporated into this motion as though fully set forth here.

### * * * MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DIMSISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED * * *
### [F.R.C.P. RULE 12(b)(6)]

STATEMENT OF FACTS

A motion to dismiss for failure to state a claim is predicated upon the court's review of the allegations of the Complaint to determine whether the allegations therein state a claim for relief which can be granted. In this regard the only relevant facts are those contained or not contained within the Complaint. By this reference, Defendants incorporate the facts stated and omitted from the Complaint. (Further, Defendants hereinafter shall refer to all the parties identified in the Complaint as "Defendants" therein in this motion as "All Defendants").

Defendants were served on August 11, 2008. By oral agreement between counsels, Mr. Vincent Leon Guerrero for Plaintiff and Mr. Curtis C. Van de veld for Defendants, time to respond to the Complaint was enlarged to September 5, 2008.

LAW AND FACT ANALYSIS

This is a motion made under the provisions of F.R.C.P. Rule 12(b)(6). The relevant portion of the rule states:

> Rule 12. Defenses and objections; when and how presented; by pleading or motion; motion for judgment on he pleadings
> (b) How Presented. - Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; ... **ROBERT H. CHOI dba 925 MINE**; ... and **TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS**; ... Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam Civil Case No. CIV08-00009
Case 1:08-cv-00009    Document 20    Filed 09/05/2008    Page 2 of 8    Page 2

making any of these defenses shall be made before pleading if further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.
...

(g) Consolidation of defenses in motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under his rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except as provided in subdivision (h)(2) hereof or any grounds there stated.

The United States Supreme Court addressed the issue of the requirements for pleading a claim in their decision in Bell Atlantic Corporation v. Twombly, -- U.S. --, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and corrected the erroneous application of prior precedence of Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), stating in relevant part;

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the *1965
>
> ———————— (Cite as: 127 S.Ct. 1955, *1965) ————————
>
> "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[FN3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; ... **ROBERT H. CHOI dba 925 MINE**; ... and **TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS**; ... Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam Civil Case No. CIV08-00009

Case 1:08-cv-00009   Document 20   Filed 09/05/2008   Page 3 of 8   Page 3

[FN3. The dissent greatly oversimplifies matters by suggesting that the Federal Rules somehow dispensed with the pleading of facts altogether. See post, at 1979 (opinion of STEVENS, J.) (pleading standard of Federal Rules "does not require, or even invite, the pleading of facts"). While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").] ... requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."] ...

We alluded to the practical significance of the Rule 8 entitlement requirement in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), when we explained that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with " 'a largely groundless claim' " be allowed to " 'take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.' " Id., at 347, 125 S.Ct. 1627 (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)). So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting Daves v. Hawaiian Dredging Co., 114 F.Supp. 643, 645 (D.Hawai 1953) ); see also Dura, supra, at 346, 125 S.Ct. 1627; Asahi Glass Co. v. Pentech Pharmaceuticals, Inc., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase"). ...

**On such a focused and literal reading of Conley's "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery.** So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint *1969

(Cite as: 127 S.Ct. 1955, *1969)

does not set forth a single fact in a context that suggests an agreement. 425 F.3d, at 106, 114. It seems fair to say that this approach to pleading would dispense with any showing of a " 'reasonably founded hope' " that a plaintiff would be able to make a case, see Dura, 544 U.S., at 347, 125 S.Ct. 1627 (quoting Blue Chip Stamps, 421 U.S., at 741, 95 S.Ct. 1917); Mr. Micawber's optimism would be enough.

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; ... **ROBERT H. CHOI dba 925 MINE**; ... and **TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS**; ... Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam, Civil Case No. CIV08-00009         Page 4

Case 1:08-cv-00009   Document 20   Filed 09/05/2008   Page 4 of 8

Seeing this, a good many judges and commentators have balked at taking the literal terms of the Conley passage as a pleading standard. See, e.g., Car Carriers, 745 F.2d, at 1106 (" Conley has never been interpreted literally") and, "[i]n practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory" (internal quotation marks omitted; emphasis and omission in original); Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1155 (C.A.9 1989) (tension between Conley's "no set of facts" language and its acknowledgment that a plaintiff must provide the "grounds" on which his claim rests); O'Brien v. DiGrazia, 544 F.2d 543, 546, n. 3 (C.A.1 1976) ("[W]hen a plaintiff ... supplies facts to support his claim, we do not think that Conley imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional ... action into a substantial one"); McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (C.A.6 1988) (quoting O'Brien's analysis); Hazard, From Whom No Secrets Are Hid, 76 Tex. L.Rev. 1665, 1685 (1998) (describing Conley as having "turned Rule 8 on its head"); Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 Colum. L.Rev. 433, 463-465 (1986) (noting tension between Conley and subsequent understandings of Rule 8).

We could go on, but there is no need to pile up further citations to show that Conley's "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the Conley Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. See Sanjuan, 40 F.3d, at 251 (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"); accord, Swierkiewicz, 534 U.S., at 514, 122 S.Ct. 992; National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 249-250, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.[FN8]

> [FN8. Because Conley's " 'no set of facts' " language was one of our earliest statements about pleading under the Federal Rules, it is no surprise that it has since been "cited as authority" by this Court and others. Post, at 1978. Although we have not previously explained the circumstances and rejected the literal reading of the passage embraced by the Court of Appeals, our analysis comports with this Court's statements in the years since Conley. See Dura, 544 U.S., at 347, 125 S.Ct. 1627 (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)); (requiring " 'reasonably founded hope that the

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; ... **ROBERT H. CHOI dba 925 MINE**; ... and **TOMMY LEE dba KYODIA - A+ ACCESSORY PLUS**; ... Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam, Civil Case No. CIV08-00009    Page 5

Case 1:08-cv-00009   Document 20   Filed 09/05/2008   Page 5 of 8

[discovery] process will reveal relevant evidence' " to support the claim (alteration in Dura )]

In turning to the Complaint in the instant case, it is readily observable that the Complaint contains only conclusory statements of the elements of claims without any specific facts in support of the allegations. The initial lack of pleading is obvious from the allegations concerning All Defendants in this case. A review of paragraphs 2(a) through 9(b) demonstrates that the most basic investigation has failed to occur as to the parties involved in the matter. Plaintiff has not bothered to learn the character of the entities as is demonstrated by the language in those paragraphs and more particularly as applies to Defendants at Paragraph 5(a) and 8, which respectively state:

> 5(a) Upon information and belief, defendant 925 MINE is an entity of unknown character organized and existing under the laws of Guam, having an office and a place of business within this Judicial District and has committed the acts complained of herein within Guam. Defendant 925 MINE is subject to the jurisdiction of this Court pursuant to the laws of the United States and Rule 4 of the Federal Rules of Civil Procedure.
> 8. Upon information and belief, defendant A+ ACCESSORY PLUS is an entity of unknown character organized and existing under the laws of Guam, having an office and a place of business at space #54 Market Place, Lot 5076-3-2-R2-NEW A1Tumon, Guam 96913, and is transacting and doing business within this Judicial District and has committed the acts complained of herein within Guam. Defendant A+ ACCESSORY PLUS is subject to the jurisdiction of the Court pursuant to the laws of the United States and Rule 4 of the Rules of Civil Procedure.

Neither 925 MINE nor A+ ACCESSORY PLUS is a legal entity. The names are fictitious business names. The Defendants are sole proprietorship business. The Complaint similarly fails to identify the remaining All Defendants such that anyone can tell whether the entity legally exists as a corporation, LLC, person, or other form of legal entity. At the second paragraph of the paragraph numbered as "9(b)" the unspecified All Defendants are lumped together without any explanation if Plaintiff alleges some relationship to exist among All

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; ... **ROBERT H. CHOI dba 925 MINE**; ... and **TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS**; ... Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam, Civil Case No. CIV08-00009    Page 6

Case 1:08-cv-00009    Document 20    Filed 09/05/2008    Page 6 of 8

Defendants in the form of a conspiracy or whether they are independent actors under identical circumstances.

The Complaint further fails to allege the "acts complained of herein in Guam" as each paragraph 5(a) and 8 assert will be found in the Complaint. After lengthy recital to self-aggrandizing factual allegations, Count I can be found at page 12 of the Complaint. Paragraphs 28 through 29, make allegations of conclusory language of offense elements without providing any distinguishing fact of the acts of the respective Defendant, including the time frame of the actions of the respective defendant. The failure to make such allegations violates F.R.C.P. Rule 9(f), which mandates "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Nowhere within the averments of Count I is there an allegation of time and place. Likewise, in Count II paragraphs 35 through 40 reference All Defendants and fails to contain any allegation of time and place of the acts having been performed by each of All Defendants. Count III paragraphs 47 to 49 relate to All Defendants without any allegations of time and place. Count IV paragraphs 51 and 52, do not state any time or place of the acts of any of All Defendants conduct. Count V paragraphs 53 to 57, likewise are devoid of any allegation of time and place of the acts of the respective group of All Defendant.

Time and place allegations are essential to the ability of a defendant to assert defense to actions such as, statutes of limitations, laches, lack of personal jurisdiction, and lack of venue. Further, the business have been sold from one person to another over time, it is therefore impossible to know whether the acts complained about are alleged to have occurred by the present owner of the business.

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; ... **ROBERT H. CHOI dba 925 MINE;** ... and **TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS;** ... Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam, Civil Case No. CIV08-00009            Page 7

Case 1:08-cv-00009    Document 20    Filed 09/05/2008    Page 7 of 8

The complaint fails to meet the standard of pleading required by the Federal Rules of Civil Procedure Rules 8 and 9 as the U.S. Supreme Court has instructed in <u>Bell Atlantic Corp.</u>, supra, as the Complaint is devoid of factual allegations. Under the application of that case and F.R.C.P. Rules 8 and 9, the complaint fails to state a claim upon which relief can be granted and the court should dismiss the matter.

<u>CONCLUSION</u>

The court should dismiss the Complaint without prejudice for failure to state a claim for which relief can be granted as heretofore set forth.

Dated: this Friday, September 05, 2008.

*[signature]*

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendants
ROBERT H. CHOI dba 925 MINE,
and TOMMY LEE dba
KYODIA – A+ ACCESSORY PLUS

CHROME HEARTS, LLC, Plaintiff v. ALMA SHOP; … **ROBERT H. CHOI dba 925 MINE**; … and **TOMMY LEE dba KYODIA – A+ ACCESSORY PLUS**; … Defendants.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (F.R.C.P. Rule 12(b)(6) with MEMORANDUM OF LAW IN SUPPORT OF MOTION
District Court of Guam, Civil Case No. CIV08-00009            Page 8

Case 1:08-cv-00009   Document 20   Filed 09/05/2008   Page 8 of 8