DISTRICT COURT OF GUAM

TERRITORY OF GUAM

CHROME HEARTS, LLC,

    Plaintiff,

vs.

ALMA SHOP; JUNG WOO NAM; HAPPY HAPPY GIFT SHOP; BONG SUN AHN; GUAM PALM CORPORATION doing business as HAWAIIAN SILVER; YOUNG SAN NICOLAS; 925 MINE; HUNG BUM CHOI; ASHINN SHIATSU MASSAGE; GARDEN JEWELRY; FEN SHAN PIAO; A+ ACCESSORY PLUS dba KYODIA; and KAWAII GIFT SHOP;

    Defendants.

Civil Case No. 08-00009

**ORDER RE: MOTION TO DISMISS**

This case is before the court on the Defendants' Robert H. Choi dba 925 Mine ("Mr. Choi") and Tommy Lee ("Mr. Lee") dba Kyodia – A+ Accessory Plus (collectively "moving Defendants") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket No. 20. Defendant 925 Mine joins in the motion. *See* Docket No. 25. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a

authority, the court hereby denies the motion and issues the following decision.

**I. BACKGROUND**

This action was filed by Chrome Hearts LLC ("Chrome Hearts") on July 24, 2008. Plaintiff's complaint alleges copyright and trademark infringements against the Defendants and others. The Plaintiff identified five causes of action against the Defendants: 1) copyright infringement (17 U.S.C. § 101 *et seq.*); 2) trademark infringement (15 U.S.C. § 1114); 3) unfair competition (Lanham Act § 43(a)); 4) trademark dilution (15 U.S.C. § 1125(c)); and 5) common law unfair competition and trademark infringement. *See* Docket No. 1, Complaint. Since early 1989, Chrome Hearts has been designing, manufacturing, and selling leather goods, apparel, jewelry and accessories. *Id.* at ¶ 13. All products produced or packaged by Chrome Hearts bear the trademark CHROME HEARTS. *Id.* at ¶ 14. Chrome Hearts is the owner of numerous trademarks and copyrights, which have been registered with the U.S. Patent and Trademark Office and is entitled to the exclusive use and benefits of such registrations. *Id.* at ¶¶ 22-25.

**II. ANALYSIS**

**A. Legal Standard**

The moving Defendants move to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, the court accepts the veracity of all well-pleaded facts in the plaintiffs' complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274) (9th Cir. 1986), *cert. denied*, 485 U.S. 940 (1988)(overruled on other grounds)). In addition, the issue before the court is not whether the plaintiff's claim will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d

---

decision rendered on the basis of the written materials on file."

Page 2 of 6

Case 1:08-cv-00009   Document 30   Filed 03/23/09   Page 2 of 6

Cir.1995). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a court must decide whether the facts alleged in the complaint, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Under Federal Rule of Civil Procedure 8, a pleading shall contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." Moreover, "[t]he pleadings need not identify any particular legal theory under which recovery is sought." *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir.1995). It is enough that the complaint gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests so that the defendant can frame a responsive pleading. *Conley*, 355 U.S. at 47. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The court stated that the complaint need only place the defendant on fair notice of the claim and the grounds upon which it rests. . . . specific facts are not necessary. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

**B. Applying the Standard**

The moving Defendants challenge the Plaintiff's complaint as containing only conclusory elements of claims without any specific facts in support of the allegations. In support, the moving Defendants assert that the Plaintiff neglected to undertake the "most basic investigation" as to the parties involved in the matter. By way of example, the moving Defendants point to the fact that the Plaintiff failed to determine the character of the Defendants (e.g. whether the Defendants legally exist as corporations, LLCs, sole proprietorships, or as some other form of legal entity). *See* Docket No. 20, Motion at p. 6. In addition, the moving Defendants argue the complaint fails to indicate the places and time frames during which the alleged infringing activity occurred. The court finds the Defendants arguments unpersuasive.

To properly state a claim of copyright infringement, a plaintiff need only show (1) ownership of a valid copyright and (2) allege copying of original work. *Funky Films, Inc. v. Time Warner Entm't Com.*, 462 F.3d 1072, 1076 (9th Cir.2006). Upon review of the complaint, the court finds that the facts set forth offer a clear description of the defendants' infringing acts. It alleges that the "Defendants have knowingly infringed upon Chrome Hearts' respective copyrights in its

Page 3 of 6

designs by *manufacturing, distributing and selling substantially similar copies* of the Chrome Hearts' designs." Docket No. 1, Complaint, ¶ 27. The Plaintiff further alleges that the Defendants employed molds to create identical products and engaged in selling those counterfeit products on Guam and throughout the United States, without the permission or authorization of the Plaintiff. *Id.* at ¶ ¶ 28, 30.

In order to make out a claim for trademark infringement, "a plaintiff must plead 1) that the plaintiff owns valid registrations of the trademark ; 2) defendant's mark is a counterfeit, imitation, or reproduction; 3) defendant's goods have been used in commerce; 4) such use was without plaintiff's consent; and 5) such use is likely to cause confusion or deceive." *Sebastian Int'l, Inc. v. Russolillo*, 186 F.Supp.2d 1055, 1063 (C.D. Cal. 2000). The Plaintiff has alleged it owns registered trademarks (*see* Complaint, exhibits attached thereto); the Defendants' products bore counterfeits of the mark or a mark confusingly similar to that of the Plaintiff's and were designed to deceive consumers (*see* Complaint, ¶ 35); counterfeit goods were used in commerce without the consent or permission of the Plaintiff (*see* Complaint, ¶¶ 35-39); and such use is likely to cause confusion (*see* Complaint, ¶ 36). The Plaintiff has, therefore, successfully pled the necessary elements of trademark infringement claim against all Defendants.

The requirements of a claim for unfair competition are similar to those of trademark infringement. Section 43(a)(1), the pertinent section for Unfair Competition Claims (Count III), states that:

> Any person who, on or in connection with any goods or services, ... ***uses in commerce*** any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
>
> (A) is ***likely to cause confusion***, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods, services, or ***commercial activities by another person***, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Page 4 of 6

Lanham Act § 43(a)(1), 15 U.S.C. § 1125(a)(1) (emphasis added).

Plaintiff alleges that "Defendants, with knowledge of the widespread recognition of Chrome Hearts' products among the relevant segment of the market and with the specific intent to exploit that recognition, have undertaken to *make* and *sell jewelry and accessories* bearing counterfeits of the Chrome Hearts Mark." Docket No. 1, Complaint, ¶ 47. Incorporating the allegations from its trademark claim, the Plaintiff contends that the Defendants' use of the marks in commerce have caused confusion within its market. *Id.* at ¶ 36. Similarly, the complaint is sufficient in alleging unfair competition under the Lanham Act.

To prove a violation of the Federal Trademark Dilution Act, "a plaintiff must show that 1) the mark is famous; 2) the defendant is making a commercial use of the mark in commerce; 3) the defendant's use began after the mark became famous; and 4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." *Panavision v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir.1998).

The Plaintiff has alleged that the Defendants were involved in the marketing, advertising and selling of inferior counterfeit Chrome Heart products after Chrome Heart products were already famous. *See* Complaint, ¶¶ 43-50, 52. The court therefore finds the Plaintiff has adequately pled a claim for trademark dilution.

The court finds that the vagueness argument fails; there is enough information provided in the Complaint to guide the moving Defendants in their responsive pleadings. While the moving Defendants claim there is no specificity as the time and place of the infringing conduct, the Complaint suggests otherwise. The complaint is specific as to each Defendant. It individually alleges that each "committed the acts complained of herein within Guam." Docket No. 1, Complaint, ¶¶ 3a, 4a, 5a, 6, 7a, 8, 9a.[2]

In addressing defendants' concern for lack of temporal facts, the court in *Proline Concrete Tools, Inc. v. Dennis*, 2008 WL 927883 (S.D.Cal.), found a complaint's allegation sufficient in that

---

[2] As to defendant Alma Shop, the complaint states that this defendant "committed the acts complained of herein within this Judicial District." Docket No. 1, Complaint, ¶ 2(a).

the infringement "began sometime after Proline began creating" its product in 1991 and "continued through the time Proline filed the complaint." *Proline*, 2008 WL 927883, *3. The Plaintiff here has similarly pled ongoing infringement and harm. Their exhibits point to the date the copyrights and trademarks were registered. Docket No. 1, Complaint, ¶¶ 22-24, Exhibits 1-2. The plaintiff has alleged that infringement occurred at least up until the complaint was filed. *Id,* ¶ 35; Docket No. 26, Opposition, pp. 3,6. Throughout the complaint, Guam is mentioned as the place where the infringing acts took place. In claiming ongoing infringement, the plaintiff has offered a sufficient time frame. Thus, plaintiff's complaint offers enough detail as to time and place thereby meeting the notice pleading standard.

### III. CONCLUSION

Based upon the foregoing reasons, it is not clear to this court that no relief could be granted under any set of facts that could be proved consistent with the allegations. Accordingly, the Defendants' Motion to Dismiss is **DENIED.**

Moving Defendants shall have until April 3, 2009 within which to file their Answer.

SO ORDERED.

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Mar 23, 2009**